IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| PMG, INC., d/b/a/ PMG MANUFACTURING GROUP, | ) ) ) | Case No. CV-02-539-E-BLW |
| Plaintiffs, | ) ) | **MEMORANDUM DECISION AND ORDER** |
| v. | ) ) ) | |
| LOCKHEED MARTIN IDAHO TECHNOLOGIES COMPANY, et al, | ) ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

**INTRODUCTION**

The Court has before it PMG's motion to amend to allege a claim for punitive damages. The Court heard oral argument on March 23, 2006, and took the motion under advisement. For the reasons expressed below, the Court will allow PMG to seek punitive damages on its fraud claim but not on its other claims.

**ANALYSIS**

Plaintiff PMG claims that defendants (collectively referred to as Lockheed) breached warranties and committed fraud. In the mid-1990s, PMG and Lockheed began negotiations to license Lockheed's '588 patent. That patent described a

**Memorandum Decision and Order – Page 1**

method of remotely deploying a retractable barrier strip to be used by police to deflate the tires of fleeing vehicles.  PMG wanted to use the patented technology to manufacture and sell barrier strips to police departments.

PMG claims that during the negotiations, Lockheed represented that the technology it was licensing to PMG was embodied in a prototype device that Lockheed displayed for PMG.  PMG claims that it relied on Lockheed representations that the prototype device was covered in full by Lockheed's '588 patent.

In 1997, the parties signed a document entitled "Licensing Agreement."  In that Agreement, PMG obtained a license from Lockheed to use its patented technology to produce barrier strips in return for paying Lockheed a fee of $25,000 and a royalty on each unit sold.  The Licensing Agreement contained warranties given by Lockheed concerning the licensed material, and an indemnity clause whereby Lockheed agreed to defend and indemnify PMG under certain circumstances if PMG was sued for infringement by a third party.

PMG began manufacturing and selling a device that it called the Roadspike Retractable Spike Barrier Strip.  In May of 1998, Stinger Spike Systems Inc. sued PMG in Utah for infringing Stinger's '373 patent.  PMG claims that Lockheed knew – during its negotiations with PMG –  about Stinger's challenges but never

**Memorandum Decision and Order – Page 2**

revealed that information to PMG.

Stinger's Utah suit was later dismissed, and PMG filed a declaratory judgment action against Stinger in West Virginia seeking a ruling that it was not infringing Stinger's patent.  PMG also demanded that Lockheed take over the suit pursuant to the indemnity provisions of the License Agreement.  Lockheed refused.

PMG later settled the West Virginia litigation by paying Stinger $279,000.  PMG then filed this suit against Lockheed claiming, among other things, that Lockheed's refusal to defend it in the litigation over Stinger's patent, and to indemnify it for its losses in that litigation, was a breach of the License Agreement.

Lockheed responded by filing counterclaims against PMG, claiming that it breached the License Agreement by failing to provide liability insurance and pay royalties, among other concerns.   Lockheed threatened to terminate the License Agreement, prompting PMG to seek injunctive relief.

The Court granted PMG's motion for a temporary restraining order (TRO) enjoining Lockheed from terminating the License Agreement.  That TRO was later dissolved, and Lockheed proceeded to terminate PMG's license.

In an earlier decision, the Court granted in part Lockheed's motion for summary judgment.  Remaining in the case are PMG's claims for breach of

**Memorandum Decision and Order – Page 3**

warranty, indemnity, fraud, quantum meruit, and unjust enrichment.

PMG now seeks to add a claim for punitive damages.  An award of punitive damages requires a bad act committed with a bad state of mind.  PMG has the burden of showing that Lockheed (1) acted in a manner that was an extreme deviation from reasonable standards of conduct with an understanding of – or disregard for – its likely consequences, and (2) acted with an extremely harmful state of mind, described variously as with malice, oppression, fraud, gross negligence, wantonness, deliberately, or willfully.  *Meyers v. Workmen's Auto Ins. Co.*, 95 P.3d 977 (Id. 2004).

At trial, these elements must be shown by a preponderance of evidence, according to the version of Idaho Code § 6-1604(1) applicable when this action accrued.  For purposes of this motion to amend, however, PMG need show only "a reasonable likelihood of proving facts at trial sufficient to support an award of punitive damages."  *See* Idaho Code § 6-1604(2).

Lockheed argues that PMG's motion is untimely.  The Court disagrees. PMG's filing of the motion was consistent with the Court's Scheduling Order and Idaho law.

With regard to the claim for fraud, the Court will allow an amendment to seek punitive damages.  PMG alleges that Lockheed deceived it in negotiations

**Memorandum Decision and Order – Page 4**

over the agreement and during the execution of the agreement.  From the Court's earlier decision, denying summary judgment on this fraud claim, it is at least reasonably likely that PMG can show that Lockheed committed fraud.  If PMG proves fraud, it will have also satisfied the punitive damage standards set forth above.

However, if PMG fails to prove fraud, it is not reasonably likely to meet the punitive damage standard on the other claims.  If Lockheed merely breached contractual warranty or indemnity clauses – without intentionally misleading PMG as is required for fraud – then Lockheed's conduct was not sufficiently outrageous to meet the standard.  At that point, this becomes a standard commercial dispute.  Thus, the Court will only allow punitive damages as to the fraud claim.

Lockheed argues that the Idaho punitive damage statute is unconstitutionally vague because it allows punitives under a preponderance standard while the fraud claim must be proven by clear and convincing evidence.  That will not be a problem in this case, however, because the two standards will not come into conflict.  PMG must prove its fraud claim by clear and convincing evidence.  If it meets that burden, it has not only proven fraud, but also has established that it is entitled to punitive damages.  In essence, PMG will be held to the higher standard – clear and convincing proof – for both fraud and punitive damages.

**Memorandum Decision and Order – Page 5**

For all these reasons, the Court will grant in part PMG's motion to amend and allow punitives to be alleged as the fraud claim only.

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion to amend (Docket No. 153) is GRANTED IN PART AND DENIED IN PART.  The motion is granted to the extent it seeks to allege punitive damages on the fraud claim.  It is denied in all other respects.



DATED:  **April 13, 2006**

B. LYNN WINMILL
Chief Judge
United States District Court

**Memorandum Decision and Order – Page 6**