IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| PMG, INC., d/b/a/ PMG MANUFACTURING GROUP, | Case No. CV-02-539-E-BLW |
| Plaintiffs, | **MEMORANDUM DECISION AND ORDER** |
| v. | |
| LOCKHEED MARTIN IDAHO TECHNOLOGIES COMPANY, et al. | |
| Defendants. | |

## INTRODUCTION

The Court has before it several pre-trial motions. The Court heard oral argument on April 25, 2006, and the motions are at issue. The Court addresses each motion below. In addition, the Court held a pretrial conference on the same date, and this decision will include rulings that resulted from that conference.

## ANALYSIS

1. **Motion to Exclude Cooper**

Lockheed proffers David M. Cooper as an expert on, among other things,

Memorandum Decision and Order – Page 1

(1) corporate capitalization and (2) observance of corporate formalities. His testimony on these two subjects supports Lockheed's attempt to pierce PMG's corporate veil.

PMG argues that Cooper is not qualified to testify on these two topics and that there is no foundation for his testimony. The Court disagrees. Cooper is a CPA with over 30 years of experience. His experience with corporate formalities comes from years of advising clients on how to comply with corporate formalities to avoid problems with the IRS. *See Cooper Deposition* at p. 108. His experience with adequate capitalization comes from 30 years of assisting businesses with obtaining financing and improving their performance. *Id*. at p. 109. He has also had extensive experience valuing businesses, and is a Certified Valuation Analyst.

This experience renders Cooper qualified to testify as an expert on capitalization and observance of corporate formalities. PMG's other objections go to the weight rather than the admissibility of Cooper's testimony. Those objections may be raised on cross-examination but do not constitute a reason to exclude his testimony. The Court will therefore deny this motion.

2. **Motion to Exclude MacPherson**

PMG proffers Alan H. MacPherson is an experienced engineer and patent attorney to provide expert testimony on the patent issues in this case. He will

**Memorandum Decision and Order – Page 2**

testify that (1) the Roadspike product made by PMG is covered by Claim 1 of the '588 patent; (2) it is well-known among patent attorneys that one patent cannot infringe on another patent; (3) an indemnity provision indemnifying a licensee if the patent infringes on another patent is illusory; (4) the inclusion of the illusory indemnity provision by Lockheed was not a mistake or oversight, and (5) the only purpose of the illusory indemnity provision would be to mislead PMG's lawyer, who did not have patent expertise.

Areas (4) and (5) are clearly outside MacPherson's area of expertise because he is merely speculating about Lockheed's intent and purpose. The Court will therefore exclude any testimony from MacPherson concerning areas (4) and (5).

With regard to area (1), the parties expressed disagreement at oral argument over whether MacPherson gave proper notification under Rule 26 of the full extent of his expert opinion. The Court directed counsel to file 5-page briefs by May 3, 2006, on this issue. Counsel are well-aware of this Court's practice to require strict adherence to Rule 26 and exclude any expert testimony not contained in a Rule 26 report or otherwise revealed in discovery.

With regard to area (3), the Court will not permit MacPherson to offer a conclusion that the contract is "illusory" in the sense it confers no legal obligations. However, upon a finding that the contract is ambiguous, he could

**Memorandum Decision and Order – Page 3**

testify about the common meaning of various terms – specifically those terms which have a unique meaning under patent law or in patent licensing agreements.. The question remains as to how far he can go in drawing conclusions from his interpretations. While he cannot offer legal conclusions, it is impossible for the Court to anticipate the full scope of his testimony, and so a definitive answer must await trial. This should give counsel guidance, however.

3.      **Motion to Bifurcate Liability from Damages**

Lockheed seeks to bifurcate liability from damages. This motion has appeal because it would simplify issues for the jury. PMG is pursuing five claims (including a punitive damage claim), and Lockheed is pursuing various counterclaims and statute of limitations defenses along with a third-party complaint seeking to pierce PMG's corporate veil. The Court is very concerned that the jury is going to be overwhelmed. Bifurcation would simplify the presentation to the jury.

However, bifurcation may ultimately lengthen the trial and would be potentially disruptive to witnesses. Many of PMG's witnesses will testify on both liability and damages. Such testimony is intertwined and difficult to separate out. It would be most efficient to allow them to present the whole of their testimony in a single sitting. In a bifurcated trial, their testimony on damages may follow their

**Memorandum Decision and Order – Page 4**

testimony on liability by a week or more, requiring them to return home and then fly back.

However, the Court will bifurcate the issue regarding the amount of punitive damages. The Court has routinely followed this procedure to avoid placing evidence of a defendant's net worth before the jury in the main trial as liability is being considered.

The Court also considered bifurcating the piercing-the-corporate-veil question as well. Evidence that PMG failed to follow corporate formalities and was undercapitalized could paint PMG as a rogue entity. That possibility, however, is slight as this evidence tends to be more technical than evidence of great wealth and so does not have the same prejudicial impact. Moreover, the Court can avoid the prejudice through jury instructions, specifically instructions explaining the purpose of the evidence and how it should be considered.

The motion for bifurcation will therefore be denied.

**4.      PMG's Motion to Exclude Corporate Veil Evidence**

PMG seeks to exclude evidence on piercing the corporate veil under Rule 403. The Court has discussed this issue fully above, and cannot find at this stage of the litigation that its probative value is substantially outweighed by the danger of unfair prejudice. This motion will therefore be denied.

5.      **Motion to Exclude Portions of Deposition Exhibit 286**

PMG seeks to exclude a passage from a letter written by Larry Blair where he says, referring to litigation against Lockheed, "we want these infidel bastards to bleed a slow and painful death." This is an issue the Court must reserve for trial. Admissibility will depend in large part on the context in which Lockheed seeks to introduce the passage. The Court will therefore deny the motion at this time, without prejudice to PMG's right to raise an objection at trial. The Court will direct Lockheed's counsel to give the Court advance notification of their intent to introduce the passage so argument may be held outside the jury's presence.

## PRETRIAL CONFERENCE

While the Court indicated that perhaps one Friday (May 12th or 19th) might be unavailable, the Court has now rearranged its calendar so that both of those Fridays can be used as full trial days in this case.

The Court will empanel a jury of 9 to hear this case. The Court will give counsel a total of 13 trial days to select a jury, present opening statements, testimony, and closing arguments. To ensure that each side receives an equal amount of time, the Court will put each side on the clock.

In 13 trial days, with 5.5 hours of trial time each day, there is a total of 70 trial hours (allotting some time to the Court to instruct the jury). Dividing this

**Memorandum Decision and Order – Page 6**

equally, each side gets 35 hours to try their case. All time spent by counsel in presenting their case – including opening statement, closing argument, and time spent arguing objections that are overruled, and delays occasioned by not having witnesses available – will be deducted from their allotted 35 hours. The Court will give counsel a running total of the time they have used at the end of each trial day.

The Court encouraged counsel to produce a jury notebook that would include (1) an instruction on the elements of each claim, (2) a glossary of terms, and (3) any stipulated exhibits. The Court is not inclined to allow the jury to ask questions, but would welcome any suggestions from counsel concerning ways to make this case more understandable to the jury.

Counsels' proposed voir dire is due May 3, 2006. The Jury Commissioner has indicated to the Court that she will notify counsel of the jury pool, and provide their questionnaires, by May 1, 2006. In addition, the Court will start the trial at 9:30 a.m. on May 8th rather than 1:30 p.m.

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion to exclude Cooper (Docket No. 177) is DENIED.

IT IS FURTHER ORDERED, that the motion to exclude MacPherson

**Memorandum Decision and Order – Page 7**

(Docket No. 172) is GRANTED IN PART AND DENIED IN PART. The motion is granted to the extent it seeks to exclude MacPherson's testimony that (1) the contract was "illusory," (2) the inclusion of the illusory indemnity provision by Lockheed was not a mistake or oversight, and (3) the only purpose of the illusory indemnity provision would be to mislead PMG's lawyer, who did not have patent expertise. The motion is denied in all other respects as set forth above.

IT IS FURTHER ORDERED, that the motion to bifurcate (Docket No. 187) is GRANTED IN PART AND DENIED IN PART. It is granted to the extent it seeks to bifurcate the issue relating to the amount of punitive damages, but is denied in all other respects.

IT IS FURTHER ORDERED, that the motion to exclude corporate veil evidence (Docket No. 181) is DENIED.

IT IS FURTHER ORDERED, that the motion to exclude a portion of Exhibit 286 (Docket No. 180) is DENIED without prejudice to the right of PMG to raise this objection again at trial.

**Memorandum Decision and Order – Page 8**

IT IS FURTHER ORDERED, that the decisions made at the Pretrial Conference, and set forth above, shall govern the trial in this matter.

DATED: **April 27, 2006**



B. LYNN WINMILL
Chief Judge
United States District Court

**Memorandum Decision and Order – Page 9**