IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| PMG, INC., d/b/a/ PMG MANUFACTURING GROUP, | Case No. CV-02-0539-E-BLW |
| Plaintiffs, | **MEMORANDUM DECISION AND ORDER** |
| v. | |
| LOCKHEED MARTIN IDAHO TECHNOLOGIES COMPANY, et al., | |
| Defendants. | |

## INTRODUCTION

The Court has before it motions for fees and to exclude evidence filed by Lockheed, and a motion to reconsider filed by PMG. For the reasons expressed below, the Court will award fees in the sum of $58,273.47, will exclude evidence that Lockheed is responsible for any delay, and will deny PMG's motion to reconsider.

## LITIGATION BACKGROUND

The trial in this case was set for May 8, 2006. On May 2, 2006, the Court held a hearing with all counsel after being advised that plaintiff PMG was making

**Memorandum Decision and Order – Page 1**

an oral motion to continue the trial due to a heart condition suffered by their key witness, Robert Steele. *See Minute Entry* (Docket No. 224). The Court denied the motion at that time, and directed PMG to file a physician's affidavit regarding Steele's condition. *Id.*

PMG had a physician examine Steele on May 4, 2006. The physician filed an affidavit stating that the stress of a trial or deposition would have "significant adverse health consequences" for Steele. *See Affidavit of Dr. Wurtzbacher* (docket no. 233). On that basis, PMG renewed its motion to continue the trial, and the Court held a conference with all counsel. *See Minute Entry* (docket no. 234).

Lockheed objected on the ground that PMG had created its own problem by failing to take the trial deposition of Steele despite knowing some time ago that he had a serious heart condition. It is true that PMG knew at the time of Steele's deposition in August of 2005 that he had a heart condition, that he was no longer employed by PMG, and that he resided beyond the subpoena power of this Court. At the conference with the Court, PMG rejected any suggestion to present Steele's testimony other than by in-person testimony.

After hearing argument, the Court decided to continue the trial due to the importance of Steele as a witness for PMG. However, because the trial was being continued just four days before it was to begin, and because extensive preparations

**Memorandum Decision and Order – Page 2**

would have to be redone, the Court advised PMG that the Court would consider awarding to Lockheed those fees and costs that would have to be re-incurred in preparing for the new trial date. *Id.*

The Court's staff then held a conference with counsel to reset the trial date. Due to the busy trial calendars of all counsel, the trial was continued to September 24, 2007. *See Order* (Docket No. 236). That Order also set an alternative date of November 29, 2006, that would be used if another trial on that same date (which Lockheed's counsel was to try) settled.

That trial did settle, and the Court issued an Order setting trial for the "alternative" date of November 29, 2006. *See Docket Entry Order No. 263.* However, trial was then later re-set for September 24, 2007. *See Docket Entry Order No. 264.*

## ANALYSIS

1. **PMG's Motion to Reconsider**

PMG urges the Court to set the trial date sooner. The Court has already weighed the calendar conflicts of all counsel, and the fairness of the trial date, and finds no reason to modify its analysis. This motion will therefore be denied.

2. **Lockheed's Motion for Fees and Costs**

Lockheed seeks a total of $58,273.47 in fees and costs, after the

**Memorandum Decision and Order – Page 3**

modifications set forth in their reply brief are calculated. While PMG objects that various parts of this sum are not justified, the Court is convinced otherwise. This was a complex case, involving claims of breach of contract and fraud intermixed with patent issues, expected to last 14 days. Because the continuance was granted just four days before trial was to begin, extensive preparations had already been made. Much of this would have to be re-done – it was unrealistic to believe that trial could be quickly reset given the trial calendars of the counsel involved here, and the inevitable delay leads unavoidably to redundant efforts as counsel and witnesses re-acquaint themselves with the case.

    At the same time, much of the value of the preparation will be retained despite the delay. For example, while the delay will require Lockheed's counsel to re-examine depositions and exhibits, that second look will go faster because of the first look. Accordingly, Lockheed charged only a third (or in some cases, only half) of these expenses. That strikes the Court as an accurate balance between the lost and retained values of preparation.

    For all of these reasons, the Court finds that the sum of $58,273.47 is reasonable. The Court finds that the hours spent and the hourly rates charged are reasonable. The Court will therefore grant Lockheed's motion. The Court will not enter Judgment requiring payment at this time, but will take it into account when

**Memorandum Decision and Order – Page 4**

issuing a final Judgment following the jury verdict.

### 3. <u>**Lockheed's Motion in Limine**</u>

Lockheed seeks to exclude (1) direct or implied argument (or testimony) that Lockheed is at fault for any delays in resolving this case, and (2) any evidence of interest, or other accumulated damages, incurred since May 8, 2006, the original trial date. There is really no dispute over the first point and the Court will grant Lockheed's motion to that extent.

With regard to the second point, Lockheed argues that PMG was at fault for the trial continuance and thus should not be entitled to interest or other damages since that date, May 8, 2006. It is true that PMG requested the continuance and bears some responsibility for its necessity. Those factors were considered in the award of fees and costs against PMG. But to go further, and strip PMG of interest during the continuance, would accordingly require some further level of culpability on PMG's part, which does not exist here. That part of Lockheed's motion shall therefore be denied.

### ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion to reconsider (Docket No. 248) is DENIED.

IT IS FURTHER ORDERED, that the motion to exclude (Docket No. 244) is GRANTED IN PART AND DENIED IN PART. It is granted to the extent it seeks to exclude any direct or implied argument or testimony that Lockheed is responsible for the delay in resolving this case. It is denied in all other respects.

IT IS FURTHER ORDERED, that the motion for fees and costs (Docket No. 237) be GRANTED, and that plaintiff PMG pay to defendants the sum of $58,273.47, representing attorney fees and costs incurred related to the continuance of the trial. The Court will not enter a Judgment requiring payment at this time but will take it into account in issuing a final Judgment following the jury verdict.

DATED: **March 28, 2007**

Honorable B. Lynn Winmill
Chief U. S. District Judge