IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| PMG, INC., d/b/a/ PMG MANUFACTURING GROUP, <br><br>Plaintiffs,<br><br>v.<br><br>LOCKHEED MARTIN IDAHO TECHNOLOGIES COMPANY, et al.,<br><br>Defendants. | Case No. CV-02-0539-E-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Both parties have filed objections to portions of the video deposition of Robert Steele. The Court heard oral argument on September 13, 2007, and the Court took the objections under advisement. The Court has now decided, for the reasons explained below, to grant one of the objections, reserve ruling on two others, and deny the rest.

## ANALYSIS

**1. Parol Evidence Rule**

Lockheed objects to PMG's line of questioning asking Steele to recall negotiations over the Licensing Agreement. For example, PMG's counsel asks

**Memorandum Decision and Order – Page 1**

Steele about negotiations over the minimum production requirements, *see Deposition at pp. 73-75,* and Lockheed's warranty provisions. *Id. at pp. 83-85.* Lockheed's counsel objected on the ground that these questions called for parol evidence.

Under Idaho law, if a written agreement is complete on its face and unambiguous, with no fraud or mistake alleged, extrinsic evidence of prior or contemporaneous negotiations or conversations is not admissible to contradict, vary, add to or detract from the terms of the written contract. *Thorn Creek Cattle Ass'n, Inc. v. Bonz*, 830 P.2d 1180 (Idaho. 1992). The Licensing Agreement is complete on its face, with an integration clause, and so extrinsic evidence of prior negotiations is not admissible to contradict or modify the Agreement in any way. However, such evidence is admissible to establish fraud or to explain any ambiguities.

PMG's fraud claim is that Lockheed failed to reveal that its prototype used technology owned by Stinger. The parol evidence rule would not apply to pre-Agreement negotiations that relate to this fraud claim. However, the fraud claim does not give PMG a free pass on all evidence regarding negotiations. PMG must show how the negotiation evidence relates to the fraud claim in order to get around the parol evidence rule.

**Memorandum Decision and Order – Page 2**

With regard to ambiguity, the Court's prior decision lays the basis for a finding that the warranty and indemnity provisions of the Licensing Agreement are ambiguous. Accordingly, the parol evidence rule does not exclude evidence introduced to resolve the ambiguities in those two provisions. Once again, however, the door is not opened to all negotiation evidence. PMG must show how the negotiation evidence explains the ambiguities in the warranty and indemnity provisions.

With this groundwork, the Court will turn to resolving the specific objections. The objection at pages 73 to 75 relates to PMG's questions about negotiations over the minimum production figures. PMG has not shown how this line of questioning relates either to fraud or ambiguity. Thus, this objection will be sustained.

Lockheed also objects to pages 83 to 86, and to various pages between pages 90 and 99. The colloquy contained on these pages relates directly to the warranty provisions and the fraud claim. Accordingly, these objections are overruled.

2. **PMG's Objections Based on "No Question Pending"**

PMG made a number of objections on the basis that counsel was just reading a document with no question pending. However, PMG withdrew this objection at oral argument, and the Court will therefore not address it.

**Memorandum Decision and Order – Page 3**

**3.     Other Objections**

Lockheed objects to PMG's questions about discussions between Steele and PMG's William Blair concerning PMG's obligations to Positech. *Id*. at pp. 414-416. Lockheed objected on the ground of hearsay and lack of foundation. The statements of Blair, PMG's President, would be the statements of a party and hence not hearsay. But the questioning – at least the questioning on pages 414 to 416 – does not reveal when the conversation occurred or when Steele developed his understanding based on the conversation. That foundation may exist elsewhere, but counsel have not addressed this specifically. Because the Court needs to hear further argument on this, the Court will reserve ruling on this objection.

PMG objects to a question by Lockheed's counsel asking Steele if he recalled David Blair stating that Donna Kilgrow of Stinger told him (Blair) that Kilgrow had threatened Stacey Barker of Lockheed that their model might infringe Stinger's patent. There are three potential levels of hearsay here: The first level being Kilgrow's threat to Barker; the second level being Kilgrow's recounting this to Blair; and the third level being Blair's statement to Steele recounting Kilgrow's statement.

It may be that certain levels are not hearsay because either they are not offered for their truth or are statements of a party. However, neither side briefed

**Memorandum Decision and Order – Page 4**

this issue or argued it at oral argument. The Court is reluctant to rule on what appears to be an important issue to both sides without input from counsel. Thus, the Court will reserve ruling on this objection.

The remaining objections by both sides are overruled.

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that Lockheed's objection to page 73 line 6 to page 75 line 4 is SUSTAINED, and this testimony shall be excluded.

IT IS FURTHER ORDERED, that PMG's objections to (1) page 414 line 15 to page 416 line 11, and (2) page 442 line 24 to page 443 line 10, are RESERVED.

IT IS FURTHER ORDERED, that all other objections are DENIED.

DATED: **September 21, 2007**

Honorable B. Lynn Winmill
Chief U. S. District Judge